1

2

3                        **UNITED STATES DISTRICT COURT**

4                              **DISTRICT OF NEVADA**

5                                      * * *

6    DOUGLAS HARRY WARENBACK,              Case No. 2:15-cv-01789-APG-VCF

7                              Plaintiff,              **ORDER**

8             v.

     D.W. NEVEN, et al.,

9
                            Defendants.
10

11          Before the court is a *pro se* petition for writ of habeas corpus pursuant to 28

12   U.S.C. § 2254, submitted by Douglas Harry Warenback, a Nevada state prisoner (Dkt. #

13   1-2).  He has now paid the filing fee (*see* Dkt. #9).  The court has reviewed the petition,

14   which sets forth five grounds for relief, pursuant to Habeas Rule 4.  As discussed below,

15   ground 1 must be dismissed, and the petition shall be docketed and served on

16   respondents.

17          In the section of the court's habeas form for ground 1, Warenback merely recites

18   some of the state procedural history of his cases (Dkt. #1-2, p. 3).  He also states that

19   "this ground was exhausted in the petition for a writ of mandamus [with the] Nevada

20   Supreme Court . . . . see attached decision."  *Id.*  The Nevada Supreme Court order

21   Warenback provides appears to deny two petitions for writ of mandamus requesting:

22   (1) the retrieval of audio recordings of lower court hearings for forensic comparison with

23   transcripts; and (2) that the district court be directed to hold a hearing regarding whether

24   trial counsel transmitted case files to petitioner.  *Id.* at 20.  First, ground 1 states no

25   discernible supporting facts, in contravention to  Habeas Rule 2.  Nor does ground 1

26   appear to implicate federal habeas corpus, as this court may entertain a petition for writ

27   of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State

28   court only on the ground that he is in custody in violation of the Constitution or laws or

                                             1

treaties of the United States." 28 U.S.C. § 2254(a).  Accordingly, ground 1 is dismissed. The petition shall be docketed and served on respondents.

A petition for federal habeas corpus should include all claims for relief of which petitioner is aware.  If petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim.  *See* 28 U.S.C. §2254(b) (successive petitions).  If petitioner is aware of any claim not included in his petition, he should notify the court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

**IT IS THEREFORE ORDERED** that the Clerk **shall file and ELECTRONICALLY SERVE** the petition (Dkt. #1-2) on the respondents.

**IT IS FURTHER ORDERED** that respondents shall file a response to the remaining grounds of the petition, including potentially by motion to dismiss, within **ninety (90) days** of service of the petition, with any requests for relief by petitioner by motion otherwise being subject to the normal briefing schedule under the local rules. Any response filed shall comply with the remaining provisions below, which are entered pursuant to Habeas Rule 5.

**IT IS FURTHER ORDERED** that any procedural defenses raised by respondents in this case shall be raised together in a single consolidated motion to dismiss.  In other words, the court does not wish to address any procedural defenses raised herein either *in seriatum* fashion in multiple successive motions to dismiss or embedded in the answer.  Procedural defenses omitted from such motion to dismiss will be subject to potential waiver.  Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.  If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set

forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005).   In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer.   All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

**IT IS FURTHER ORDERED** that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

**IT IS FURTHER ORDERED** that petitioner shall have **forty-five (45) days** from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by respondents by motion otherwise being subject to the normal briefing schedule under the local rules.

**IT IS FURTHER ORDERED** that any additional state court record exhibits filed herein by either petitioner or respondents shall be filed with a separate index of exhibits identifying the exhibits by number.   The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment.

**IT IS FURTHER ORDERED** that the parties SHALL SEND courtesy copies of all exhibits to the Reno Division of this court.  **While the Local Rules provide that parties should send paper courtesy copies of filings over fifty pages, in this instance, courtesy copies may be in paper form or as PDF documents saved to a CD–so long as each PDF is clearly identified by exhibit number.**  Courtesy copies shall be mailed to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, and directed to the attention of "Staff Attorney" on the outside of the mailing address label.  Additionally, in the future, all parties shall provide courtesy copies of any additional exhibits submitted to the court in this case, in the manner described above.

**IT IS FURTHER ORDERED** that petitioner's motion to extend time to pay the filing fee (Dkt. #8) is **GRANTED** *nunc pro tunc.*

**IT IS FURTHER ORDERED** that petitioner's motion for court to order NDOC to process filing fee (Dkt. #7) is **DENIED** as moot.

DATED: 4 January 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE