UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DOUGLAS HARRY WARENBACK,

Petitioner,

v.

D.W. NEVEN, et al.,

Respondents.

Case No. 2:15-cv-01789-APG-VCF

**ORDER**

This *pro se* habeas matter under 28 U.S.C. § 2254 comes before the court on respondents' motion to dismiss petitioner Douglas Harry Warenback's petition (ECF No. 21). Warenback opposed (ECF No. 27), and respondents replied (ECF No. 32).

**I.    Procedural History and Background**

On June 19, 2013, Warenback pleaded guilty to pandering of a child (exhibit 10).[1] The state district court sentenced him to a term of 48 to 120 months. Exh. 13. Judgment of conviction was filed on December 17, 2013. Exh. 15.

Warenback did not file a direct appeal. The Nevada Supreme Court affirmed the denial of his state postconviction habeas corpus petition on April 14, 2015, and remittitur issued on May 11, 2015. Exhs. 91, 93. Warenback also filed a petition for writ of certiorari with the Nevada Supreme Court. Exh. 70. The Nevada Supreme Court declined to exercise original jurisdiction and dismissed the petition without considering it on the merits. Exh. 74.

---

[1] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 21, and are found at ECF Nos. 22-26.

1

Warenback dispatched his federal petition for mailing on September 13, 2015 (ECF No. 11).  Respondents now argue that Warenback's petition should be dismissed for failing to set forth any grounds with any specificity (ECF No. 21).

## II.     Current Petition is Insufficiently Pled

Respondents point out that for each ground of Warenback's petition, he tries to incorporate by reference claims he alleges that he raised in his state postconviction petitions.  Warenback does not set forth even a brief factual basis for any ground on the form petition (*see* ECF No. 11).  Moreover, he fails to even attach copies of the state-court pleadings to which he refers.  It is clear from Warenback's opposition to the motion to dismiss that he thought he was complying with the instructions that accompany this court's 28 U.S.C. § 2254 form petition by only attaching the Nevada Supreme Court orders affirming the denial of his state petitions and nothing else.  However, it is not possible for respondents to discern with the necessary specificity the grounds that Warenback seeks to present to this court.

Accordingly, respondents' motion to dismiss shall be granted.  However, Warenback has leave to file an amended petition that briefly sets forth for each of the grounds that he was trying to present what constitutional provision or provisions he believes was violated for each ground and briefly sets forth the factual allegations for each ground ON THE FORM PETITION ITSELF.  Warenback is expressly advised that failure to file an amended petition in conformance with this order shall result in the dismissal of this habeas action with prejudice.

## III.     Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 21) is **GRANTED**.

**IT IS FURTHER ORDERED** that the petition is **DISMISSED WITH LEAVE TO AMEND**.  Within **thirty (30) days** of the date of this order, petitioner shall file and serve an amended petition in conformance with this order.

**IT IS FURTHER ORDERED** that respondents shall have **thirty (30) days** from the date of service of petitioner's amended petition to file a response that complies with Habeas Rule 5 and the provisions of this court's order dated January 4, 2016 (ECF No. 10).

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer, motion to dismiss, or other response to file a reply or opposition.

**IT IS FURTHER ORDERED** that petitioner's motion for submission (ECF No. 33) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that petitioner is expressly advised that failure to file an amended petition in conformance with this order shall result in the dismissal of this habeas action with prejudice.

DATED: 13 February 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE