# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DOUGLAS HARRY WARENBACK, | Case No. 2:15-cv-01789-APG-VCF |
| Petitioner, | **ORDER** |
| v. | (ECF Nos. 42, 61, 62, 63, 66) |
| D.W. NEVEN, et al., | |
| Respondents. | |

This *pro se* habeas matter under 28 U.S.C. § 2254 comes before the court on respondents' motion to dismiss petitioner Douglas Harry Warenback's amended petition (ECF No. 42). Warenback opposed (ECF No. 43), and respondents replied (ECF No. 50).

## I. Procedural History and Background

On June 19, 2013, Warenback pleaded guilty to pandering of a child (exhibit 10).[1] The state district court sentenced him to a term of 48 to 120 months. Exh. 13. Judgment of conviction was filed on December 17, 2013. Exh. 15.

Warenback did not file a direct appeal. The Supreme Court of Nevada affirmed the denial of his state postconviction habeas corpus petition on April 14, 2015, and remittitur issued on May 11, 2015. Exhs. 91, 93. Warenback also filed a petition for writ of certiorari with the Supreme Court of Nevada. Exhs. 70. That court declined to exercise original jurisdiction and dismissed the petition for writ of certiorari without considering it on the merits. Exh. 74.

He also filed two petitions for writ of mandamus. Exhs. 71, 87. The Supreme Court of Nevada declined to exercise original jurisdiction over either petition in an order dated July 23, 2015. Exh. 101.

Warenback filed a second state postconviction petition on September 14, 2015. Exh. 108. The Nevada Court of Appeals affirmed the denial of the petition on May 18, 2016. Exh. 127.

---

[1] Exhibits referenced in this order are exhibits to respondents' first motion to dismiss (ECF No. 21) and are found at ECF Nos. 22-26.

1

Meanwhile, Warenback dispatched his federal petition for mailing on September 13, 2015. ECF No. 11. Respondents now argue that the court should dismiss several grounds of the amended petition. ECF No. 42.

**II.     Legal Standards & Analysis**

    **a.  Relation Back**

Respondents argue that ground 4 does not relate back to a timely-filed petition and should thus be dismissed as untimely. ECF No. 42, pp. 5-8.  A new claim in an amended petition that is filed after the expiration of the Antiterrorism and Effective Death Penalty Act ("AEDPA") one-year limitation period will be timely only if the new claim relates back to a claim in a timely-filed pleading under Rule 15(c) of the Federal Rules of Civil Procedure; the claim must arise out of "the same conduct, transaction or occurrence" as a claim in the timely pleading. *Mayle v. Felix*, 545 U.S. 644 (2005).  In *Mayle*, the United States Supreme Court held that habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as claims in the original petition merely because the claims all challenge the same trial, conviction or sentence. 545 U.S. at 655–64.  Rather, Rule 15(c) permits relation back of habeas claims asserted in an amended petition "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." 545 U.S. at 657.  In this regard, the reviewing court looks to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims."  A claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be timely. 545 U.S. at 659 and n.5; *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1297 (9th Cir. 2013).

Here, Warenback timely dispatched his original federal habeas petition for filing on September 13, 2015. ECF No. 11, p. 1.  According to respondents, the AEDPA one-year limitation period expired on or about June 1, 2016.  Warenback believes the limitation period expired in November 2015. ECF No. 43, p. 5.  In any event, the parties do not dispute that the statute of limitation had expired when Warenback dispatched his amended petition for mailing

2

about March 7, 2017. *See* ECF No. 42, p. 6; ECF No. 43, p. 5. Accordingly, the claims in the amended petition must relate back to Warenback's original petition in order to be deemed timely.

### Ground 4

Warenback claims in the amended petition that his counsel was ineffective in violation of his Sixth Amendment rights because counsel waived Warenback's rights at the guilty plea hearing without Warenback's express consent. ECF No. 40, p. 9. Respondents argue that ground 4 does not relate back to the amended petition. ECF No. 42, pp. 5-8. After reviewing Warenback's original petition and the arguments in his opposition, I find that ground 4 of the amended petition differs in time and type from the claims that raised in the original petition. Ground 4 is dismissed as untimely.

### b. Guilty Plea and Federally Cognizable Claims

In *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), the United States Supreme Court held that "when a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." A petitioner may attack only the voluntary and intelligent character of the guilty plea. *Id*. When a petitioner has entered a guilty plea then subsequently seeks to claim his counsel rendered ineffective assistance, such claim is limited to the allegation that defense counsel was ineffective in advising petitioner to plead guilty. *Fairbank v. Ayers*, 650 F.3d 1243, 1254–1255 (9th Cir.2011) (citing *Tollett*, 411 U.S. at 266–267, and explaining that because a guilty plea precludes a claim of constitutional violations prior to the plea, petitioner's sole avenue for relief is demonstrating that advice of counsel to plead guilty was deficient); *Lambert v. Blodgett*, 393 F.3d 943, 979 (9th Cir.2004).

### Ground 1

Warenback asserts that the pretrial transcript of a voicemail and the version of the voicemail played at sentencing do not match and the "tampered transcript" at sentencing violated his Fourteenth Amendment due process rights. ECF No. 40, p. 3. Respondents argue first that

ground 1 is barred by *Tollett*. ECF No. 42, pp. 3-4. However, Warenback claims that he did not know of the discrepancies until his sentencing hearing and he appears to allege that the voicemail played at sentencing was less incriminating than the pretrial transcript of the voicemail. ECF No. 40, p. 3. Thus, ground 1 challenges the voluntary and intelligent nature of his plea and is not subject to dismissal under *Tollett*.

**Ground 2**

Warenback contends that his counsel rendered ineffective assistance because he failed to file a motion for an evidentiary hearing when a detective committed perjury with respect to the arrest warrant, rendering the warrant invalid. ECF No. 40, p. 5. Respondents are correct that this is a claim of a pre-plea constitutional violation that is barred from federal habeas review under *Tollett*. Accordingly, ground 2 is dismissed.

### c. Procedural Default

The AEDPA provides that a court may grant habeas relief if the relevant state court decision was either: (1) contrary to clearly established federal law as determined by the Supreme Court; or (2) involved an unreasonable application of clearly established federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d),

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state court but the state court disposed of the claim on procedural grounds instead of on the merits. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Id*. The *Coleman* Court explained the effect of a procedural default:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

4

*Id.* at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). To demonstrate actual prejudice on the basis of his or her claims, petitioner must demonstrate that the alleged errors so infected the trial or entry of plea that the resulting conviction violated due process. *See United States v. Frady*, 456 U.S. 152, 169 (1982).

To demonstrate a fundamental miscarriage of justice, a petitioner must show the constitutional error complained of probably resulted in the conviction of an actually innocent person. *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). This is a narrow exception, and it is reserved for extraordinary cases only. *Sawyer v. Whitley*, 505 U.S. 333, 340 (1992). Bare allegations unsupplemented by evidence do not tend to establish actual innocence sufficient to overcome a procedural default. *Thomas v. Goldsmith*, 979 F.2d 746, 750 (9th Cir. 1992).

**Ground 1**

Respondents argue that ground 1—in which Warenback asserts discrepancies in transcripts of a voicemail he left for the victim's mother—is procedurally barred. ECF No. 42, p. 2. Warenback presented this claim to the Nevada Court of Appeals in his appeal of the denial of his second state postconviction petition. Exh. 127. The Nevada Court of Appeals affirmed the denial of the petition as procedurally barred because it was untimely and successive. *Id.*; NRS § 34.726(1); NRS § 34.810(2). The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of the procedural bar at issue in this case (N.R.S. § 34.810) is an independent and adequate state ground. *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir.

2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999). Therefore, the Nevada Court of Appeal's determination that federal ground 1 was procedurally barred under N.R.S. § 34.810 was an independent and adequate ground to affirm the denial of the claim in the state petition.

Warenback bears the burden of proving both good cause for his failure to present the claim and actual prejudice. *Coleman*, 501 U.S. at 750; *see also Murray*, 477 U.S. at 485. In his opposition to the motion to dismiss, Warenback states that the state district court denied his motion for a copy of the sentencing transcript, and he argues that this was an external impediment that prevented him from raising the claim earlier. ECF No. 43, pp. 1-2. Warenback fails to set forth any specific allegations regarding when he allegedly learned of the discrepancies. Moreover, even assuming without deciding that Warenback could demonstrate cause, he has failed to demonstrate actual prejudice. He points to his second state postconviction petition, in which he included a chart that allegedly compared the earlier transcript of the voicemail with the sentencing transcript that contains the voicemail. Exh. 108, p. 13. First, the alleged discrepancies are extremely minor and do not relate to Warenback's culpability. Second, Warenback acknowledged that he does not know which transcript version is accurate. *Id*. He simply has not demonstrated that any discrepancy so infected his guilty plea as to violate federal due process. Ground 1, therefore, is dismissed as procedurally barred.

### III. Petitioner's Motions to Amend/Supplement

Finally, Warenback continues to file numerous motions in this case. Pending are the following: motion to amend the petition (ECF No. 61), motion to transfer petition (ECF No. 62), motion for leave to file supplement to motion to amend petition (ECF No. 63), and a second motion for leave to amend the petition (ECF No. 66). Despite how Warenback has styled the various motions, in each motion he seeks to file an amended petition or supplement. He wants to add a claim that his sentence improperly included the requirement that he register as a sex offender in violation of his federal due process rights. Warenback argues that under the relevant Nevada statute, the offense to which he pleaded guilty did not require the imposition of a term of

6

lifetime supervision. Respondents point out that this is purely a question of Nevada state law and is not cognizable in federal habeas proceedings. *See, e.g., Swarthout v. Cooke*, 562 U.S. 216, 219 (2011); *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Accordingly, the motions to amend the petition, as well as all other pending motions, are denied. Filing serial motions seeking the same relief only delays the resolution of the petition.

**IV.    Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 42) is **GRANTED** as follows:

Ground 1 is **DISMISSED** as procedurally barred.

Ground 2 is **DISMISSED** as not cognizable in federal habeas.

Ground 4 is **DISMISSED** as untimely.

IT IS FURTHER ORDERED that respondents will have sixty (60) days from the date this order is entered within which to file an answer to the remaining claims in the First Amended Petition.

IT IS FURTHER ORDERED that petitioner will have forty-five (45) days following service of respondents' answer in which to file a reply.

IT IS FURTHER ORDERED that the following motions filed by petitioner: motion to amend the petition (**ECF No. 61**); motion to transfer petition (**ECF No. 62**); motion for leave to file supplement to motion to amend petition (**ECF No. 63**); and the second motion for leave to amend the petition (**ECF No. 66**) are all **DENIED**.

DATED this 12th day of February, 2018

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE