# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| DOUGLAS HARRY WARENBACK,<br><br>      Petitioner,<br>v.<br>D.W. NEVEN, et al.,<br>      Respondents. | Case No. 2:15-cv-01789-APG-VCF<br><br>**ORDER** |

This *pro se* habeas matter under 28 U.S.C. § 2254 comes before the court on petitioner Douglas Harry Warenback's motion for leave to file an amended petition. ECF No. 69. Respondents opposed and Warenback replied. ECF Nos. 72, 75. I deny Warenback's motion.

On February 12, 2018, this court granted respondents' motion and dismissed ground 1 as procedurally barred, ground 2 as noncognizable in federal habeas corpus, and ground 4 as untimely. ECF No. 68. On February 23, 2018, Warenback filed a motion for leave to file an amended petition. ECF No. 69. Warenback states that respondents' exhibits filed June 27, 2016 contained the motion to withdraw due to conflict that his counsel filed on December 3, 2012. The 2012 state-court motion indicated that the public defender could not represent Warenback because his office was representing the victim in Warenback's case in a juvenile criminal case. Warenback acknowledges in his motion to amend that that he was notified at the time the motion was filed that there was a conflict of interest because the public defender represented the victim in another case. However, he states that he never saw the motion itself and that no one mentioned that there was a juvenile criminal case against the victim. He apparently argues that he may not have entered into the guilty plea if he had known about the juvenile case against the victim.

First, Warenback's claim of ignorance of the nature of the conflict appears to be belied by the record. The deputy public defender stated in his declaration in support of

1

the 2012 motion that the public defender was engaged in an ongoing representation of the victim in another case. ECF No. 22-3. Warenback acknowledges that he was notified of the motion at the time it was filed. Moreover, even assuming, arguendo, that Warenback was unaware of the victim's criminal case in 2012, he acknowledges that he became aware of it when respondents filed a copy of the motion as an exhibit to their first motion to dismiss. Those exhibits were filed in June, 2016, and Warenback offers no explanation whatsoever as to why he waited almost two years to try to add a claim based on the existence of the juvenile criminal case. He fails to demonstrate that the factual basis for this claim could not have been discovered earlier through due diligence. 28 U.S.C. § 2244(d)(1)(D).

IT IS THEREFORE ORDERED that petitioner's motion for leave to file an amended petition **(ECF No. 69) is DENIED**.

IT IS FURTHER ORDERED that petitioner's motion for certificate of appealability **(ECF No. 71) is DENIED**.

IT IS FURTHER ORDERED that respondents' motion to extend time to respond to the motion for leave to amend **(ECF No. 70) is GRANTED** *nunc pro tunc*.

IT IS FURTHER ORDERED that respondents' motion for extension of time to file their answer to the petition **(ECF No. 73) is GRANTED**. Respondents shall file their answer within **forty-five (45) days** of the date of this order.

DATED: 4 May 2018.

                                            ANDREW P. GORDON
                                            UNITED STATES DISTRICT JUDGE