# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DOUGLAS HARRY WARENBACK,

    Petitioner

v.

D.W. NEVEN, et al.,

    Respondents

Case No.: 2:15-cv-01789-APG-VCF

**ORDER**

This habeas petition is before me for final disposition on the merits (ECF No. 40). As discussed below, the petition is denied.

## I.    Procedural History

On June 19, 2013, petitioner Douglas Harry Warenback pleaded guilty to pandering of a child (exhibit 10).[1] The state district court sentenced him to a term of 48 to 120 months in custody. Exh. 13. Judgment of conviction was filed on December 17, 2013. Exh. 15.

Warenback did not file a direct appeal. The Supreme Court of Nevada affirmed the denial of his state postconviction habeas corpus petition. Exh. 91. Warenback also filed a petition for writ of certiorari with the Supreme Court of Nevada. Exh. 70. That court declined to exercise original jurisdiction and dismissed the petition for writ of certiorari without considering it on the merits. Exh. 74.

---

[1] Exhibits referenced in this order are exhibits to the respondents' motion to dismiss, ECF No. 21, and are found at ECF Nos. 22-26.

Warenback also filed two petitions for writ of mandamus. Exhs. 71, 87. The Supreme Court of Nevada declined to exercise original jurisdiction over either petition in an order dated July 23, 2015. Exh. 101.

Warenback filed a second state postconviction petition on September 14, 2015. Exh. 108. The Nevada Court of Appeals affirmed the denial of that petition. Exh. 127.

Warenback initiated this pro se federal habeas action on September 13, 2015 (ECF No. 11). I ultimately granted the respondents' motion to dismiss three grounds in the amended petition. ECF No. 34. The respondents have now answered the remaining ground of the petition—a claim that Warenback's counsel rendered ineffective assistance at sentencing—and Warenback replied. ECF Nos. 79, 80.

## II. LEGAL STANDARDS

### a. Antiterrorism and Effective Death Penalty Act (AEDPA)

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the legal standards for my consideration of the petition:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim ─
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court

2

convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693-694 (2002). My ability to grant a writ is limited to cases where "there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)); *see also Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (describing the AEDPA standard as "a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt") (internal quotation marks and citations omitted).

A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer*, 538 U.S. at 73 (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000), and citing *Bell*, 535 U.S. at 694.

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer*, 538 U.S. at 74 (quoting *Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous; the state court's application of clearly established law must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409).

3

To the extent that the state court's factual findings are challenged, the "unreasonable determination of fact" clause of § 2254(d)(2) controls on federal habeas review. *E.g., Lambert v. Blodgett*, 393 F.3d 943, 972 (9th Cir. 2004). This clause requires that the federal courts "must be particularly deferential" to state court factual determinations. *Id*. The governing standard is not satisfied by a showing merely that the state court finding was "clearly erroneous." 393 F.3d at 973. Rather, AEDPA requires substantially more deference:

> [I]n concluding that a state-court finding is unsupported by substantial evidence in the state-court record, it is not enough that we would reverse in similar circumstances if this were an appeal from a district court decision. Rather, we must be convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record.

*Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004); *see also Lambert*, 393 F.3d at 972.

Under 28 U.S.C. § 2254(e)(1), state court factual findings are presumed to be correct unless rebutted by clear and convincing evidence. The petitioner bears the burden of proving by a preponderance of the evidence that he is entitled to habeas relief. *Cullen*, 563 U.S. at 181.

**b. Ineffective Assistance of Counsel**

Ineffective assistance of counsel (IAC) claims are governed by the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Supreme Court held that a petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1) the attorney made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment, and (2) that the deficient performance prejudiced the defense. *Id*. at 687. To establish ineffectiveness, the defendant must show that counsel's

representation fell below an objective standard of reasonableness. *Id*. To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. A reasonable probability is "probability sufficient to undermine confidence in the outcome." *Id*. at 694. Additionally, any review of the attorney's performance must be "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct, in order to avoid the distorting effects of hindsight. *Id*. at 689. It is the petitioner's burden to overcome the presumption that counsel's actions might be considered sound trial strategy. *Id.*

Ineffective assistance of counsel under *Strickland* requires a showing of deficient performance of counsel resulting in prejudice, "with performance being measured against an objective standard of reasonableness, . . . under prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005) (internal quotations and citations omitted). When the ineffective assistance of counsel claim is based on a challenge to a guilty plea, the *Strickland* prejudice prong requires a petitioner to demonstrate "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

If the state court has already rejected an ineffective assistance claim, a federal habeas court may only grant relief if that decision was contrary to, or an unreasonable application of, the *Strickland* standard. *See Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*.

The Supreme Court of the United States has described federal review of a state supreme court's decision on a claim of ineffective assistance of counsel as "doubly deferential." *Cullen*,

5

563 U.S. at 190 (quoting *Knowles v. Mirzayance*, 129 S.Ct. 1411, 1413 (2009)). The Supreme Court emphasized that: "We take a 'highly deferential' look at counsel's performance . . . through the 'deferential lens of § 2254(d).'" *Id*. at 1403 (internal citations omitted). Moreover, federal habeas review of an ineffective assistance of counsel claim is limited to the record before the state court that adjudicated the claim on the merits. *Cullen*, 563 U.S. at 181-84. The Supreme Court has specifically reaffirmed the extensive deference owed to a state court's decision regarding claims of ineffective assistance of counsel:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," . . . and when the two apply in tandem, review is "doubly" so . . . . The *Strickland* standard is a general one, so the range of reasonable applications is substantial. . . . Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Harrington*, 562 U.S. at 105 (citations omitted). "A court considering a claim of ineffective assistance of counsel must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Id*. at 104 (quoting *Strickland*, 466 U.S. at 689). "The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Id*. (internal quotations and citations omitted).

**III.  Instant Petition**

**Ground 3**

Warenback asserts that his counsel was ineffective at sentencing when counsel failed to cross-examine the victim's mother. ECF No. 40, pp. 7. He argues that his counsel waived his right to cross-examine without his consent.

The sentencing transcript reflects that the victim's mother made an impact statement. Exh. 13, pp. 19-24. Several voicemail messages that Warenback left for the mother right before and after he was arrested were played. Warenback had transported the 16-year-old victim from California to Nevada. He called the victim's mother multiple times in an attempt to make an "agreement" whereby the mother would sign an affidavit stating that she allowed him to take her daughter out of state, and in exchange Warenback would agree to never see the victim again. Warenback had a previous conviction related to possession of child pornography, which the mother referenced: "He is on child pornography and probation since 2011." *Id*. at 24. The court then asked the mother to focus on the impact Warenback's actions had on her family. The mother concluded that she hoped for a sentence of life in prison. The court asked defense counsel if he wanted to cross-examine the mother, and counsel indicated that he did not have any questions. *Id*.

At the beginning of the sentencing hearing and before the victim's mother testified, the State discussed the prior child pornography conviction. *Id*. at 2-3. Warenback also addressed the court. *Id*. at 4-12. As the judge pronounced the sentence, he told Warenback:

> [Y]our actions have consequences. Your history is very concerning to me. Your lack of empathy is equally if not more troubling because I look forward – some of the functions or things I have to think about is whether or not you're an ongoing, continuing threat to the community based upon the facts of the case, your history and everything I've heard. And, frankly, you don't demonstrate empathy to me. I think you're more concerned about the fact that you find yourself in custody as a function of this action and your frustrations with that. I'm troubled by the phone calls and the continuing conduct that you had with the mother.

*Id*. at 24-25. The judge sentenced Warenback at the top of the recommended range to a term of 48 to 120 months. *Id*. at 25.

The Nevada Court of Appeals affirmed the denial of this IAC claim:

7

Warenback claimed that counsel was ineffective for waiving, without Warenback's consent, his right to cross-examine the victim's mother at sentencing regarding the text messages he sent her and her statement that he had been previously convicted or committed other bad acts. Warenback failed to demonstrate that counsel was deficient or that he was prejudiced. With respect to the text messages, this testimony did not trigger the limited circumstances under which cross-examination should be permitted. *See Buschauer v. State*, 804 P.2d 1046, 1048 (Nev. 1990). With respect to the prior bad acts, Warenback failed to demonstrate a reasonable probability of a different outcome at sentencing had counsel cross-examined the victim's mother regarding the prior bad acts. We note that the reference to these prior bad acts was only a small portion of her statement. Therefore, the district court did not err in denying this claim.

Exh. 91, p. 3.

Warenback has not demonstrated that he is entitled to federal habeas relief. Before the victim's mother testified, the State had already described the prior child pornography conviction. Further, the mother made only a brief reference to the prior case. Nor does Warenback explain how there was a reasonable probability of a different outcome at sentencing had his counsel cross-examined the mother regarding the voicemails. The court stated that Warenback's lack of remorse or empathy weighed heavily in its sentencing determination. Warenback has not demonstrated that the decision affirming the denial of this claim was contrary to, or involved an unreasonable application of, *Strickland*, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). I deny federal ground 3.

The petition, therefore, is denied it is entirety.

**IV.  Certificate of Appealability**

This is a final order adverse to the petitioner. Rule 11 of the Rules Governing Section 2254 Cases requires me to issue or deny a certificate of appealability (COA). I have evaluated

the claims for suitability for the issuance of a COA. *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002).

A COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. *Id*.

None of my rulings meets the *Slack* standard. I therefore decline to issue a certificate of appealability for my resolution of Warenback's claim.

V. **Conclusion**

**I THEREFORE ORDER** that the first-amended petition (ECF No. 40) is **DENIED**.

**I FURTHER ORDER** that a certificate of appealability is **DENIED**.

**I FURTHER ORDER** the Clerk to enter judgment accordingly and close this case.

Dated: November 26, 2019.

```
                                    ANDREW P. GORDON
                                    UNITED STATES DISTRICT JUDGE
```